UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES,

v.

TARRY TAE SUP SHIN,

*Defendant.*

No. 24-CR-693 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

On August 8, 2025, Tarry Tae Sup Shin ("Defendant") moved to seal the sentencing documents in this case in their entirety. (*See* Mot. to Seal ("Mot.") 2 (Dkt. No. 38); Br. in Supp. of Mot. to Seal ("Def.'s Br.") (Dkt. No. 38-1).) The Government filed no opposition to Defendant's motion. (*See generally* Dkt.) For the reasons explained herein, Defendant's Motion is denied without prejudice, and Defendant is ordered to submit proposed redactions under seal so the Court may determine if the redactions are essential to preserve higher values and narrowly tailored to that effect.

I. Governing Law

Determining whether the public has a right of access to documents in a case, or whether those documents may instead remain under seal, is a multi-step process governed by constitutional as well as common law. The public has a strong presumptive right of access to certain judicial documents, established by the First Amendment, as well as a weaker presumptive right to all judicial documents, established at common law. *Newsday LLC v. Cty. of Nassau*, 730 F.3d 156, 163 (2d Cir. 2013); *see also United States v. Amodeo*, 71 F.3d 1044, 1047–49 (2d Cir. 1995) ("*Amodeo II*").

In deciding whether the common law right applies, the Court evaluates whether the document is a "judicial document," that is, "a filed item that is relevant to the performance of the judicial function and useful in the judicial process." *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (quotation marks and citation omitted); *see also United States v. Greenwood*, 145 F.4th 248, 254 (2d Cir. 2025). If so, the Court determines the weight of the presumption. *Amodeo II*, 71 F.3d at 1049; *Bernstein*, 814 F.3d at 141–43. It then balances competing considerations—for instance, the "danger of impairing law enforcement or judicial efficiency," or "the privacy interests of those resisting disclosure"—against the presumption. *Amodeo II*, 71 F.3d at 1050.

Under the First Amendment, the right of access applies to "certain judicial documents." *Greenwood*, 145 F.4th at 255. Courts follow two different approaches to determine whether the right applies to particular material. *Newsday*, 730 F.3d at 164. Under the "experience-and-logic" test, a court asks whether the documents "have historically been open to the press and general public," and whether "public access plays a significant positive role in the functioning of the particular process in question." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (quotation marks and citation omitted). In the alternative, a court may consider the extent to which the documents "are derived from or are a necessary corollary of the capacity to attend the relevant [court] proceedings." *Id.* (quotation marks and citation omitted, alteration adopted). Under either approach, if the First Amendment right applies, the moving party must demonstrate that sealing is "essential to preserve higher values and is narrowly tailored to serve that interest." *Bernstein*, 814 F.3d at 144 (quotation marks and citation omitted).

The Second Circuit recently held that "the First Amendment right of access applies to sentencing memoranda and accompanying exhibits, which therefore can be sealed only if

2

'specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Greenwood*, 145 F.4th at 253 (quoting *Matter of N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987)).  The right attaches on the basis that sentencing materials are "a necessary corollary of the capacity to attend the relevant proceedings." *Id.* at 255 (quoting *Lugosch*, 435 F.3d at 120).  The Second Circuit has explained that the "[h]igher values" that may justify redactions include "privacy interests of innocent third parties . . . [and] defendants" as well as "financial records, family affairs, illnesses, and embarrassing conduct with no public ramifications." *Greenwood*, 145 F.4th at 256 (internal citations omitted, alterations adopted).

The Second Circuit has also explained that sentencing submissions qualify as judicial documents that are "relevant to the performance of the judicial function and useful in the judicial process," given that they are "highly relevant to and influential in sentencing proceedings." *Id.* at 255.  The weaker common law right of access, therefore, applies to those materials.  *See United States v. Munir*, 953 F. Supp. 2d 470, 477–78 (E.D.N.Y. 2013) (concluding both rights apply to a sentencing memorandum and third-party letters of support); *United States v. Sattar*, 471 F. Supp. 2d 380, 385 (S.D.N.Y. 2006) (applying common law right of access to third party letter and psychiatric report submitted at sentencing).

## II.  Discussion

Defendant argues that the sentencing documents should be sealed in their entirety based on his participation in a "safety valve proffer," which, he asserts, "is viewed as cooperation by some inmates with whom he will be incarcerated." (Def.'s Br. at 1; *see also id.* at 1–2 (seeking sealing of "sentencing documents" based on "family information" and "the fact that [Defendant] successfully satisfied the safety valve requirements")).)  In support, Defendant cites a single case

from the United States District Court for the District of Nevada, where the court sealed memoranda discussing the defendant's safety valve proffer on the basis that it contained "sensitive information" that could "negatively impact his safety." *United States v. Puebla*, No. 24-CR-116, 2025 WL 1309258, at *1 n.1 & n.2 (D. Nev. May 6, 2025); (*see also* Def.'s Br. at 2).

Although the risk to Defendant's safety may provide a justification for sealing or redactions, *Greenwood*, 145 F.4th at 256, Defendant has not provided an adequate basis to justify sealing the *entirety* of the sentencing materials in lieu of a partial redaction. "Broad and general findings by the trial court . . . are not sufficient to justify" sealing. *In re N.Y. Times Co.*, 828 F.2d at 116; *see also Greenwood*, 145 F.4th at 256 (differentiating redactions that were narrowly tailored to protect privacy and law enforcement interests from "the full sealing of the exhibits to [a] sentencing submission" including "thirty-four exhibits sealed in their entirety" that were justified by reference to the same broad objectives). Rather, this Court must make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values," *Greenwood*, 145 F.4th at 253 (quoting *In re N.Y. Times Co.*, 828 F.2d at 116), identifying, for instance, those portions of the sentencing materials with subject matter "traditionally considered private rather than public," that should therefore be sealed, *Amodeo II*, 71 F.3d at 1051. Despite invoking privacy and safety concerns, Defendant has not provided a basis for the Court to differentiate the portions of the sentencing materials that are "traditionally considered private" from those portions that are traditionally public, or explained why his safety concerns necessitate the sealing of *all* of the sentencing materials. Defendant's motion is therefore denied.

<u>III.  Conclusion</u>

For the reasons set forth above, Defendant's motion to seal the entirety of the sentencing submissions is denied. Defendant is hereby ordered to submit proposed targeted redactions under seal, so the Court may determine if the proposed reactions are necessary to preserve higher values and narrowly tailored to that effect.

SO ORDERED.

Dated:   October 1, 2025
         White Plains, New York

                                  KENNETH M. KARAS
                                  United States District Judge