UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X

UNITED STATES OF AMERICA          :       **FINAL ORDER OF**
                                  :       **FORFEITURE**
    -v.-                           :
                                  :       24 Cr. 693 (KMK)
TARRY TAE SUP SHIN,                :
                                  :
        Defendant.                 :
                                  :
------------------------------------ X

WHEREAS, on or about August 29, 2025, this Court entered a Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment (the "Preliminary Order of Forfeiture") (D.E. 42), which ordered the forfeiture to the United States of all right, title and interest of TARRY TAE SUP SHIN (the "Defendant") in the following property:

      a.     $312,500 in United States currency seized from the Defendant's vehicle on or about October 2, 2023

(the "Specific Property");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Specific Property, and the requirement that any person asserting a legal interest in the Specific Property must file a petition with the Court in accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3). Pursuant to Section 853(n), the United States could, to the extent practicable, provide direct written notice to any person known to have an alleged interest in the Specific Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of

Case 7:24-cr-00693-KMK   Document 45-1   Filed 12/01/25   Page 2 of 3

the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require

publication of a notice of forfeiture and of the Government's intent to dispose of the Specific

Property before the United States can have clear title to the Specific Property;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose

of the Specific Property was posted on an official government internet site (www.forfeiture.gov)

beginning on September 10, 2025, for thirty (30) consecutive days, through October 9, 2025,

pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims

and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court

on December 1, 2025 (D.E. 44);

WHEREAS, on or about September 15, 2025, notice of the Preliminary Order of

Forfeiture was sent by Certified Mail, return receipt requested, to the following:

    a.  Manuel Esteban Mijango
        San Fernando, CA

    b.  Jaquill Johnson
        Philadelphia, PA

(a. and b., together, the "Noticed Parties");

WHEREAS, thirty (30) days have expired since final publication of the Notice of

Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been

filed;

WHEREAS, the Defendant and the Noticed Parties are the only individuals and/or

entities known by the Government to have a potential interest the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the

United States shall have clear title to any forfeited property if no petitions for a hearing to contest

2

the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.    All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.    Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3.    The United States Marshals Service (or its designee) shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated: White Plains, New York
       Apri. 1 8     , 2025

SO ORDERED:

_____
HONORABLE KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

3